Soojin Youn, State Bar No. 331888
LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile:   (213) 623-2211
Email: syoun@lhlaw.com

Attorneys for Applicant
Yong Jin Chung

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of | Case No.: |
| Yong Jin Chung, | ***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN A FOREIGN PROCEEDING; AND MEMORANDUM OF POINTS AND AUTHORITIES** |
|      Applicant. | |
| | Declaration of Yong Jin Chung, Declaration of Tae Yop Lee, and [Proposed] Order Filed Concurrently Herewith |

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

1  ***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

2      Applicant Yong Jin Chung ("Applicant") hereby moves, by and through his counsel,

3  *ex parte* for an Order pursuant to Section 1782 of Title 28 of the United States Code

4  authorizing limited discovery for use in a foreign civil proceeding in the Republic of Korea

5  (the "Application"). Applicant seeks limited discovery from Google LLC ("Google") pursuant

6  to the proposed subpoena attached to this Application as **Exhibit 1**.

7      Applicant respectfully requests that this Court consider this Application which is

8  brought under Section 1782 of Title 28 of the United States Code on an *ex parte* basis, as is

9  the common practice of United States district courts, including this District. *See In re Varian*

10  *Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *6 (N.D. Cal.

11  Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"); *IPCom*

12  *GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) ("parties will be

13  given adequate notice of any discovery taken pursuant to the request and will then have the

14  opportunity to move to quash the discovery or to participate in it") (quotation marks and

15  citation omitted).

16      Applicant is entitled to the relief sought under this Application because the proposed

17  discovery is necessary in Applicant's pursuit of his civil defamation lawsuit currently pending

18  in the Republic of Korea. The statutory requirements of Section 1782 are amply met, and the

19  discretionary *Intel* factors weigh heavily in favor of granting this Application, as further

20  explained in the accompanying Memorandum of Points and Authorities.

21                          Divisional Assignment

22      Pursuant to Civil Local Rule 3-2(c), this case should be assigned to the San Jose

23  Division, which serves Santa Clara County in which the action arises, based on Google's

24  principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California

25  94043.

26

27  ///

28

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

This Application is supported by the Memorandum of Points and Authorities attached hereto and the Declarations of Yong Jin Chung and Tae Yop Lee filed concurrently herewith.

Dated: December 8, 2025                    LEE, HONG, DEGERMAN, KANG & WAIMEY

                                           By:  /s/ *Soojin Youn*

                                               Soojin Youn

                                           Attorneys for Applicant
                                           Yong Jin Chung

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

## **TABLE OF CONTENTS**

I.    INTRODUCTION ......................................................................................................1

II.   FACTUAL BACKGROUND ...................................................................................2

      A.    The Korean Lawsuit ......................................................................................2

      B.    The Limited Discovery of Information Sought from Google ......................4

III.  JURISDICTION, VENUE, AND BASIS FOR *EX PARTE* CONSIDERATION
      OF THIS APPLICATION .........................................................................................5

IV.   ARGUMENT ............................................................................................................5

      A.    This Application Satisfies All Statutory Requirements of Section 1782 ....5

      B.    *Intel*'s Discretionary Factors Weigh In Favor of Granting this Application ...............7

            1.    Google is Not a Participant in the Korean Lawsuit Against the
                  YouTubers .............................................................................................7

            2.    The Korean Courts Are Receptive To U.S. Judicial Assistance ....................7

            3.    The Application Does Not Circumvent Any Relevant Legal Restrictions
                  or Policies .........................................................................................8

            4.    Applicant's Request is Not Unduly Intrusive or Burdensome .........................9

V.    CONCLUSION ........................................................................................................11

i

# TABLE OF AUTHORITIES

**Cases**

*Ahin Park v. Unknown (In re Request for Jud. Assistance)*,
No. 23-mc-80016-BLF, 2023 U.S. Dist. LEXIS 38311 (N.D. Cal. Mar. 7, 2023) .........6, 8, 10

*Hey, Inc. v. Twitter, Inc.*,
No. 22-mc-80034-DMR, 2023 U.S. Dist. LEXIS 98590 (N.D. Cal. Jun. 6, 2023) .................9

*In re Hybe Co., Ltd.*,
No. 24-mc-80228-DMR, 2024 U.S. Dist. LEXIS 216313 (N.D. Cal. Nov. 27, 2024)...........10

*In re Qualcomm Inc.*, 162 F.Supp.3d 1029 (N.D. Cal. 2016) .................................................9, 10

*In re Soo Young Kim*,
No. 5:25-mc-80232-BLF, 2025 U.S. Dist. LEXIS 156027 (N.D. Cal. Aug. 12, 2025)......6, 10

*In re Starship Entm't Co.*,
No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 91000 (N.D. Cal. May 24, 2023) .......6, 8, 10

*In re Varian Med. Sys. Int'l AG*,
No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24, 2016).........5, 7, 8

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)......................1, 5, 6, 7, 8, 9

*IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919 (N.D. Cal. 2014) ...........................5

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019) ..........................................................6

*United States v. Google LLC*, 690 F.Supp.3d 1011 (N.D. Cal. 2023)...................................6, 8

*ZURU, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697 (N.D. Cal. 2022)........................................9

**Statutes**

28 U.S.C. § 1331 .........................................................................................................................5

28 U.S.C. § 1391 .........................................................................................................................5

28 U.S.C. § 1782 ..................................................................................................................1, 5, 6

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Applicant Yong Jin Chung ("Applicant") seeks leave under 28 U.S.C. section 1782 ("Section 1782") to take discovery in this judicial district in aid of a civil lawsuit now pending in the Republic of Korea ("Korea" or "South Korea"). Applicant is the leading figure of a major distribution conglomerate of South Korea and has been targeted by numerous false, defamatory, and harassing videos in Korean posted by 16 anonymous YouTube users (collectively, the "YouTubers"). Applicant has filed a civil defamation action against the YouTubers in Korea (the "Korean Lawsuit"), but the Korean Lawsuit cannot proceed without the YouTubers' personally identifiable information, which is held by Google LLC ("Google"). Applicant has been unable to obtain this information through other means and thus respectfully requests that this Court grant this Application, authorizing Applicant to issue the proposed subpoena to Google (attached hereto as **Exhibit 1**).

As more fully set forth below, Applicant satisfies both the statutory requirements under Section 1782 and the discretionary factors set forth in the Supreme Court's *Intel* decision,[1] all of which support granting the Application. The statutory requirements are easily met: (1) Google, the person from whom discovery is sought, "resides or is found" in this District; (2) the discovery is for use in a foreign proceeding; namely, the Korean Lawsuit; and (3) the Application is made by "interested person" Applicant, who is the plaintiff in the Korean Lawsuit. *See* 28 U.S.C. § 1782(a). Furthermore, all four *Intel* factors weigh in Applicant's favor, because (1) Google is not a participant in the Korean Lawsuit, (2) the Korean courts are receptive to U.S. federal court judicial assistance, (3) the Application is not an attempt to circumvent any legal restrictions or policies of Korea or the United States, and (4) Applicant's request is not unduly intrusive or burdensome. *See Intel Corp.*, 542 U.S. at 264-65.

For all these reasons, and as further explained below, this Court should grant the Application and authorize the issuance of Applicant's requested subpoena.

---

[1] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

## II.    FACTUAL BACKGROUND

### A.    The Korean Lawsuit

Applicant is the Chairman of Shinsegae Group, a major distribution conglomerate of South Korea, whose private life and personal relationships have become subjects of public interest, particularly because of his former marriage to a Korean celebrity. *See* Declaration of Yong Jin Chung ("Chung Decl."), ¶ 3. Recently, 16 anonymous YouTubers created and published content on their respective YouTube channels (collectively, the "Channels")[2] that intentionally spread defamatory and false information regarding Applicant's personal relationships and family members. *Id.*, ¶ 4. The YouTubers constructed false narratives that Applicant's family conflicts and marital issues created problems with the corporate governance, management, and ownership structures within the Shinsegae Group, including its subsidiary E-mart Inc. *Id.*

The YouTubers and the defamatory videos they published on their respective Channels (collectively, the "Videos") contained false, defamatory, and/or harassing statements, referencing Applicant and his family members, and spread baseless rumors about Applicant and his personal relationships, including the following:

1.    That Applicant's current marriage with his wife Ji Hee Han is breaking down, that they decided to divorce, and that his wife is in conflict with his mother Myung Hee Lee;

2.    That Applicant's wife Ji Hee Han engaged in an extramarital affair, that

---

[2] The YouTubers' handles and respective Channel names are: @avocadonews, "아보카도 TV2" (English translation: "Avocado TV2"); @thesuntvkr, "TheSun TV – 독점뉴스" (English translation: "TheSun TV - Exclusive News"); @sailortvkr, "용감한선원 TV" (English translation: "Brave Sailor TV"); @snakehunter4188, "Snake Hunter"; @dratonkrtv, "골든드래곤" (English translation: "Golden Dragon"); @스타의길, "스타의 길" (English translation: "Star's Road"), which changed at some point between June 25, 2025 and July 7, 2025 to @셀럽기록부, "셀럽기록부" (English translation: "Celebrity Record Book"); @peacocktvkr, "공작뉴스 TV5" (English translation: "Peacock News TV5"); @jiwontvhouse, "지원 TV 의 집" (English translation: "Jiwon TV House"); @rayencherif8739, "TV 빵" (English translation: "TV Blast"); @픽업뉴스, "픽업뉴스" (English translation: "Pick Up News"); @Quândz-y2u, "Tùng Dz PC"; @DramaShowbiz1507, "중국 연예인 뉴스" (English translation: "Chinese Celebrity News"); @썰드라마 tv, "수다 드라마" (English translation: "Chatty Drama"); @직톡, "직톡" (English translation: "Direct Chat"); @Vitdangyeu2003, "Nhung vịt vlogs2"; and @바른소식, "바른소식" (English translation: "Correct News"). Chung Decl. ¶ 5(a)-(p).

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

1   Applicant requested DNA testing of his children, and that one or both of his

2   children with his wife is not his biological child;

3   3.   That Applicant has an inappropriate relationship with his ex-wife Hyun Jung

4   Go, that he gifted her a sports car worth 300 million won, and that he stayed

5   over at her house for multiple nights in a row; and

6   4.   That Applicant's ex-wife Hyun Jung Go appeared at his son Hae Chan Chung's

7   wedding.

8   Chung Decl., ¶¶ 5-6.

9   The Channels of the YouTubers have all been deleted since the publishing of the

10   Videos containing such false statements, but the Videos were widely disseminated while

11   publicly posted prior to such deletions. Chung Decl., ¶ 5(a)-(p). For example, a video

12   published by the YouTuber with handle @dratonkrtv on their channel titled "골든드래곤"

13   (English translation: "Golden Dragon") was viewed over 1.6 million times and liked

14   approximately 17,000 times in just two months. *Id.*, ¶ 5(e), Exhibit 11. The constant and wide

15   dissemination of the YouTubers' defamatory statements has caused serious damage to

16   Applicant's social reputation, as well as to the credibility, corporate value, and public image

17   of Shinsegae Group and its subsidiaries including E-mart Inc. *Id.*, ¶ 7.

18   The Videos are all titled and narrated in the Korean language, and the use of Korean

19   colloquial terms indicate that the YouTubers are native Korean speakers likely to be South

20   Korean citizens. Chung Decl., ¶ 8; Declaration of Tae Yop Lee ("Lee Decl."), ¶ 3.

21   On August 21, 2025, Applicant filed a civil defamation lawsuit against the YouTubers

22   before the Seoul Central District Court in Korea, Case Number 2025*GAHAP*13024 (Korean

23   original: 2025 가합 13024), pursuant to Articles 750 and 751 of the Civil Act of Korea (the

24   "Korean Lawsuit"). *See* Lee Decl., ¶ 4. In Korea, service of process is conducted by the courts

25   on parties, including the initial pleadings which are served on the respondents based on the

26   identifying information provided by the petitioners. *Id.*, ¶ 8. Applicant has been unable to

27   discover the true identities of the YouTubers and thus unable to provide the personally

28   identifiable information necessary to enable the Korean court to serve Applicant's complaint

3

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

in the Korean Lawsuit. *Id.* In order to proceed with the Korean Lawsuit, Applicant seeks to obtain the necessary personally identifiable information of the YouTubers through Section 1782 discovery. *Id.*

### B.  The Limited Discovery of Information Sought from Google

YouTube is a video sharing service provided by Google, and a Google account is required to create a YouTube channel and upload videos.[3] Google's principal office is located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Lee Decl., ¶ 9, Ex. 1. YouTube channels and videos can be monetized, and the primary method of payment for the earnings to YouTube content creators is through Google AdSense.[4] YouTube channels can be linked to Google Ads accounts, and Google Pay payments profiles for purchases through Google are associated with Google accounts.[5] Google also collects information, including IP address, date, and time, about the use of its services, including YouTube.[6]

The personally identifiable information held by Google with respect to the YouTubers is necessary in different ways to uncover the true identities of the YouTubers and enable service of process in the Korean Lawsuit filed against them. Lee Decl., ¶¶ 9, 12-13. Applicant's proposed subpoena (attached hereto as Exhibit 1) is narrowly tailored to seek only that information which is necessary to identify the YouTuber for purposes of pursuing the Korean Lawsuit in Korea. *Id.*, ¶ 12; Chung Decl., ¶ 9.

///

---

[3] *See* YouTube, *Terms of Service* (dated Dec. 15, 2023), https://www.youtube.com/static?template=terms (last visited Dec. 1, 2025).

[4] *See* Google, *YouTube partner earnings overview*, YouTube Help, https://support.google.com/youtube/answer/72902?hl=en#zippy=%2Chow-can-i-get-paid (last visited Dec. 1, 2025).

[5] *See* Google, *Product Linking: Link YouTube channels or videos and Google Ads accounts*, YouTube Help, https://support.google.com/youtube/answer/3063482?hl=en (last visited Dec. 1, 2025); Google, *Manage your Google payment info*, Google Pay Help, https://support.google.com/googlepay/answer/9244912?hl=en (last visited Dec. 1, 2025).

[6] *See* Google, *Google Privacy Policy* (effective Jul. 1, 2025), Google Privacy & Terms, https://policies.google.com/privacy (last visited Dec. 1, 2025) ("This Privacy Policy applies to . . . YouTube.").

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

4

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

III.    **JURISDICTION, VENUE, AND BASIS FOR *EX PARTE* CONSIDERATION OF THIS APPLICATION**

This Application is made pursuant to subsection (a) of federal statute Section 1782 of Title 28 of the United States Code, so this Court has subject matter jurisdiction pursuant to Section 1331 of that same Title.

Venue is proper in this District because Google, the party from whom discovery is sought, "resides or is found" in this District, pursuant to Sections 1391 and 1782 of Title 28 of the United States Code.

It is also proper for this Court to consider this Application on an *ex parte* basis. United States district courts, including this District, have generally considered applications brought under Section 1782 on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *6 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis"). Google will be given adequate notice and opportunity to move to quash, so considering this Application on an *ex parte* basis does not violate Google's due process rights.

IV.    **ARGUMENT**

The Court should grant this Application because it meets all three statutory requirements of Section 1782 and the discretionary factors enumerated in *Intel*, 542 U.S. at 264-65, all weigh in favor of authorizing the discovery sought by Applicant from Google.

**A.  This Application Satisfies All Statutory Requirements of Section 1782**

Section 1782 authorizes a district court to order a person who "resides or is found" within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). There are three statutory requirements: (1) the discovery is sought from a person residing or found in the district of the court to which the application is made; (2) the discovery is for use in a

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

proceeding before a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or an "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019). Applicant has satisfied each of these elements.

First, Google "resides or is found" in this District within the meaning of Section 1782, because Google is registered to do business in California, with its principal place of business listed as 1600 Amphitheatre Parkway, Mountain View, California 94043, which is located in this District. Lee Decl., ¶ 9, Ex. 1; *see also United States v. Google LLC*, 690 F.Supp.3d 1011, 1017 (N.D. Cal. 2023). Therefore, the first statutory requirement of Section 1782 is met here.

Second, the discovery sought by Applicant is "for use in a proceeding in a foreign or international tribunal," namely the Korean Lawsuit currently pending before the Seoul Central District Court in South Korea. Lee Decl., ¶ 4; 28 U.S.C. § 1782(a). The proposed discovery is for the purpose of obtaining the true identities of the YouTubers so that they may be served with process of the civil defamation complaint. *See* Lee Decl., ¶ 8; Chung Decl., ¶ 9. The information sought by Applicant is appropriate for discovery here, as this District has repeatedly found that Section 1782's second requirement is met where applicants sought Section 1782 assistance to identify anonymous users of social media platforms for purposes of serving process of defamation actions initiated before Korean courts. *See*, *e.g.*, *In re Soo Young Kim*, No. 5:25-mc-80232-BLF, 2025 U.S. Dist. LEXIS 156027 (N.D. Cal. Aug. 12, 2025); *In re Starship Entm't Co.*, No. 23-mc-80147-BLF, 2023 U.S. Dist. LEXIS 91000 (N.D. Cal. May 24, 2023); *Ahin Park v. Unknown (In re Request for Jud. Assistance)*, No. 23-mc-80016-BLF, 2023 U.S. Dist. LEXIS 38311 (N.D. Cal. Mar. 7, 2023). Thus, Applicant meets the second statutory requirement of Section 1782.

Third, Applicant is an "interested person" within the meaning of Section 1782, because he is the plaintiff pursuing the Korean Lawsuit against the YouTubers in Korea. Lee Decl., ¶ 4; Chung Decl., ¶ 7; 28 U.S.C. § 1782(a). *See also Intel,* 542 U.S. at 256 (holding that litigants may be the most common example of "interested person[s]" permitted to invoke Section 1782). As such, the third statutory requirement is also satisfied.

Accordingly, all three statutory requirements set forth under Section 1782 are amply

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

met here to warrant an Order pursuant to Section 1782.

**B.** ***Intel*'s Discretionary Factors Weigh In Favor of Granting this Application**

In the leading Section 1782 case, *Intel Corp. v. Advanced Micro Devices, Inc.*, the United States Supreme Court established four discretionary factors to be considered by district courts when ruling on Section 1782 applications: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65. As discussed below, all four of the *Intel* discretionary factors weigh heavily in favor of granting this Application.

**1.    Google is Not a Participant in the Korean Lawsuit Against the YouTubers**

The first *Intel* factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the Supreme Court recognized that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 (a) aid." *Intel*, 542 U.S. at 264. Here, Google is not a party to the Korean Lawsuit filed by Applicant in South Korea. Lee Decl., ¶ 9. Since Google and the information it holds are located in this District, which is outside the jurisdictional reach of Korean courts, such information cannot be obtained by Applicant without the assistance of Section 1782. *Id.* Thus, this first *Intel* factor weighs heavily in favor of granting this Application.

**2.    The Korean Courts Are Receptive To U.S. Judicial Assistance**

The second *Intel* factor directs the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance." *Intel,* 542 U.S. at 264. The focus of this factor is whether the foreign court is willing to consider the information subject to the proposed discovery. *In re Varian Med. Sys. Int'l AG*, 2016 U.S.

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

Dist. LEXIS 38911, at *11. "'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'" *Id.*, at *12 (citation omitted). South Korean courts are receptive to the U.S. federal court's assistance in discovery matters and, specifically, to Section 1782 requests to uncover identifying information of anonymous individuals to proceed with defamation matters. Lee Decl., ¶ 10. *See, e.g.*, *United States v. Google LLC*, 690 F.Supp.3d 1011; *In re Starship Entm't Co.*, 2023 U.S. Dist. LEXIS 91000; *Ahin Park v. Unknown*, 2023 U.S. Dist. LEXIS 38311. Moreover, there are no known restrictions or policies under Korean law that would limit U.S. federal court judicial assistance, so in light of the abundant record of Korean courts' receptivity to Section 1782 assistance, the second discretionary factor clearly weighs in favor of granting this Application. Lee Decl., ¶ 11.

### 3. The Application Does Not Circumvent Any Relevant Legal Restrictions or Policies

The third *Intel* factor is a consideration of whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. The absence of evidence of attempted circumvention of foreign tribunal's proof-gathering procedures weighs in favor of a Section 1782 application. *United States v. Google LLC*, 690 F.Supp.3d at 1021. No such evidence exists here. Applicant is not attempting to circumvent any restrictions, policies, or other limitations on discovery, whether under Korean law or U.S. law. *See* Lee Decl., ¶ 11. Like many other similar Section 1782 applications that have come before this District, this Application seeks discovery of information that is beyond the reach of the Korean courts for the sole purpose of pursuing with a civil defamation matter in Korea, which is generally accepted by Korean courts. *Id.*, ¶ 10.

Moreover, the Application is not a potential attempt to circumvent any policies of the United States, including First Amendment protections afforded to U.S. citizens which may become an issue in the context of defamation claims in the underlying foreign proceeding. *See United States v. Google LLC*, 690 F.Supp.3d at 1021. The First Amendment however "doesn't

*EX PARTE* **APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

apply to foreign citizens outside U.S. territory," and when there is no evidence that the anonymous speaker is a U.S. citizen, U.S. free-speech principles do not hold any weight in the analysis of this third *Intel* factor. *See ZURU, Inc. v. Glassdoor, Inc.*, 614 F.Supp.3d 697, 707 (N.D. Cal. 2022); *United States v. Google LLC*, 690 F.Supp.3d at 1021-22 (finding it reasonably probable that the anonymous individual making allegedly defamatory statements about the personal sexual history of a Korean resident immediately prior to their wedding is also a Korean resident if not citizen); *see also Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034-DMR, 2023 U.S. Dist. LEXIS 98590 (N.D. Cal. Jun. 6, 2023) (finding no evidence that the anonymous speakers are U.S. citizens where their statements are in Japanese and directed at Japanese individuals). Based on the Korean language used by the YouTubers in their Videos, the YouTubers appear very likely to be Korean citizens, and as "foreign citizens outside U.S. territory," they would not be afforded First Amendment protections. *ZURU, Inc.*, 614 F.Supp.3d at 707; Lee Decl., ¶ 11.

The Application therefore neither circumvents nor attempts to circumvent any restrictions or other policies limiting the proof-gathering procedures of Korea or the United States, and this third *Intel* factor should be ruled on in Applicant's favor. *Intel*, 542 U.S. at 265.

### 4.  Applicant's Request is Not Unduly Intrusive or Burdensome

The fourth and final *Intel* factor considers whether the discovery being requested by the Section 1782 application is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Requests that are not narrowly tailored, that request confidential information, and that appear to be a broad "fishing expedition" for irrelevant information are considered to be unduly intrusive and burdensome. *In re Qualcomm Inc.*, 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016). The *Intel* court noted that requests that are determined to be unduly intrusive or burdensome may be "trimmed" of such excessive parts, allowing the authorization of the remaining requests. *Intel*, 542 U.S. at 265.

Here, Applicant's proposed subpoena to be served on Google is narrowly tailored and is not intrusive or burdensome. Lee Decl., ¶ 12. Applicant seeks identifying information of the

***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782**

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

YouTubers, which is necessary to enable the Korean courts to serve process of the Korean Lawsuit on the YouTubers and will be used only for that narrow purpose. *Id.*, ¶ 8; Chung Decl., ¶ 9. The proposed subpoena is limited to requests for only those documents that are sufficient to show the names, dates of birth, addresses, email addresses, phone numbers, financial service institution names and account numbers, and IP access logs for the last ten logins that were recorded by Google of the YouTubers. Financial account access information, card expiration dates, card validation codes, passwords, and financial transactions information are explicitly excluded from these requests. *See* Ex. 1. This District has authorized the categories of information being sought by this Application in multiple comparable matters. *See*, *e.g.*, *In re Soo Young Kim*, 2025 U.S. Dist. LEXIS 156027, at *2, 8-9 (authorizing the discovery of names, dates of birth, addresses, e-mail addresses, telephone numbers, and banking information from Google); *In re Hybe Co., Ltd.*, No. 24-mc-80228-DMR, 2024 U.S. Dist. LEXIS 216313, at *8-9 (N.D. Cal. Nov. 27, 2024) (authorizing the discovery of names, dates of birth, phone numbers, email addresses, addresses, and last ten IP access logs, among other information, from Google); *In re Starship Entm't Co.*, 2023 U.S. Dist. LEXIS 91000, at *2, 8-9 (authorizing the discovery of names, addresses, email addresses, telephone numbers, and three-month period IP access logs from Google); *Ahin Park v. Unknown*, 2023 U.S. Dist. LEXIS 38311, *11 (authorizing the discovery of names, dates of birth, email addresses, cell phone numbers, IP addresses and related account information from Meta).

Moreover, the categories of information sought by this Application are necessitated by circumstances specific to Korea of the methods in which individuals can be identified for purposes of service of process, including obstacles caused by the common occurrence of shared names, and false information being registered by individuals with Google and other entities, among other issues. Lee Decl., ¶¶ 12-13. Applicant's subpoena is not a broad "fishing expedition" but is narrowly tailored to discover only that relevant information essential to proceed with the Korean Lawsuit in Korea. *In re Qualcomm Inc.*, 162 F.Supp.3d at 1043. Accordingly, Applicant's request is not unduly intrusive or burdensome for Google, and this fourth *Intel* factor weighs in favor of authorizing the proposed discovery.

LEE, HONG, DEGERMAN, KANG & WAIMEY
801 South Figueroa Street, Suite 2000
Los Angeles, California 90017

**V.    CONCLUSION**

Applicant has clearly demonstrated that this Application meets all of the statutory requirements of Section 1782 and that all of the discretionary *Intel* factors weigh in favor of authorizing the proposed discovery. For the foregoing reasons, Applicant respectfully requests that the Court grant the Application and authorize Applicant's proposed discovery on Google, in order to obtain limited information enabling Applicant to serve process of and proceed with the Korean Lawsuit against the YouTubers in Korea.

Dated: December 8, 2025                    LEE, HONG, DEGERMAN, KANG & WAIMEY

By: _/s/ *Soojin Youn*_____

Soojin Youn

Attorneys for Applicant
Yong Jin Chung

EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In re Ex Parte Application of
Yong Jin Chung

_____
*Plaintiff*

v.

_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                          Google LLC

_____
*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| | |
|---|---|
| Place: By e-mail to: syoun@lhlaw.com; or<br>   By mail to: Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017 | Date and Time: |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Yong Jin Chung                                                                    , who issues or requests this subpoena, are:

Soojin Youn, 801 South Figueroa Street, Suite 2000, Los Angeles, CA 90017; syoun@lhlaw.com; (213) 244-7064

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                *Server's signature*

                                                   _____
                                                                *Printed name and title*

                                                   _____
                                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT 1**

**DEFINITIONS**

1.      The terms "DOCUMENT" or "DOCUMENTS" shall be construed in its broadest possible sense to include all electronically stored information or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered separate DOCUMENT.  Each and every draft, annotated version, or otherwise non-identical copy of a document is a separate document for the purposes of these requests.

2.      The term "DOCUMENT" or "DOCUMENTS" shall also include "ESI." "ESI" shall mean and refer to all electronic data and information stored in a digital format.  "ESI" includes, but is not limited to, electronic mail messages and attachments, contacts, databases including all records and fields and structural information, and any and all miscellaneous files responsive to the following requests.

3.      The term "PERSON(S)" shall mean and include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity, but shall exclude Google LLC, its subsidiaries and affiliates, and the employees and personnel of Google LLC and its subsidiaries and affiliates.

4.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make these Requests inclusive rather than exclusive.  The singular of any term includes the plural, and the plural of any term includes the singular.  The use of a verb in any tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of the request that which otherwise might be construed outside its scope.  The masculine gender of any term used herein includes the feminine, and vice versa.

5.      The term "ACCESS LOGS" shall mean the dates, times, Internet Protocol addresses, port numbers, and destination Internet Protocol addresses that are recorded by Google LLC when a user logs in or uploads videos to the user's Google/YouTube account(s).

6.      The term "ACCOUNT 1" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "아보카도 TV2" (English translation: "Avocado TV2"), which was formerly accessible from the URL https://www.youtube.com/@avocadonews.

7.      The term "ACCOUNT 2" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled

"TheSun TV - 독점뉴스"(English translation: "TheSun TV - Exclusive News"), which was formerly accessible from the URL https://www.youtube.com/@thesuntvkr.

8.     The term "ACCOUNT 3" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "용감한선원 TV" (English translation: "Brave Sailor TV"), which was formerly accessible from the URL https://www.youtube.com/@sailortvkr.

9.     The term "ACCOUNT 4" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Snake Hunter", which was formerly accessible from the URL https://www.youtube.com/@snakehunter4188.

10.     The term "ACCOUNT 5" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "골든드래곤" (English translation: "Golden Dragon"), which was formerly accessible from the URL https://www.youtube.com/@dratonkrtv.

11.     The term "ACCOUNT 6" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel formerly titled "스타의 길" (English translation: "Star's Road") as of June 25, 2025, formerly accessible from the URL https://www.youtube.com/@스타의길, and subsequently titled "셀럽기록부" (English translation: "Celebrity Record Book") as of July 7, 2025, formerly accessible from the URL https://www.youtube.com/@셀럽기록부.

12.     The term "ACCOUNT 7" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "공작뉴스 TV5" (English translation: "Peacock News TV5"), which was formerly accessible from the URL https://www.youtube.com/@peacocktvkr.

13.     The term "ACCOUNT 8" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google

Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "지원 TV 의 집" (English translation: "Jiwon TV House"), which was formerly accessible from the URL https://www.youtube.com/@jiwontvhouse.

14.    The term "ACCOUNT 9" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "TV 빵" (English translation: "TV Blast"), which was formerly accessible from the URL https://www.youtube.com/@rayencherif8739.

15.    The term "ACCOUNT 10" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "픽업뉴스"(English translation: "Pick Up News"), which was formerly accessible from the URL https://www.youtube.com/@픽업뉴스.

16.    The term "ACCOUNT 11" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Tùng Dz PC", which was formerly accessible from the URL https://www.youtube.com/@Quândz-y2u.

17.    The term "ACCOUNT 12" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Drama Showbiz", which was formerly accessible from the URL https://www.youtube.com/@DramaShowbiz1507.

18.    The term "ACCOUNT 13" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "수다 드라마" (English translation: "Chatty Drama"), which was formerly accessible from the URL https://www.youtube.com/@썰드라마 tv.

19.    The term "ACCOUNT 14" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign

3

in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "직톡" (English translation: "Direct Chat"), which was formerly accessible from the URL https://www.youtube.com/@직톡.

20.     The term "ACCOUNT 15" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "Nhung vịt vlogs2", which was formerly accessible from the URL https://www.youtube.com/@Vitdangyeu2003.

21.     The term "ACCOUNT 16" shall mean all Google account(s) and/or YouTube account(s), including but not limited to Gmail accounts, primary account user Madison accounts, Google Ads accounts, Google AdSense accounts, and Google Pay accounts, that are or were used to sign in to or that are registered to, linked to, or otherwise associated with the YouTube channel titled "바른소식" (English translation: "Correct News"), which was formerly accessible from the URL https://www.youtube.com/@바른소식.

## REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 1:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 1;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1)

of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 2:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 2:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 2;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 3:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 3:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 3;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 4:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 4:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 4;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON

identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 5:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 5:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 5;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 6:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 6:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 6;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 7:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 7:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 7;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 8:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 8:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 8;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1)

9

of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 9:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 9:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 9;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 10:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 10:

(1)      Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 10;

(2)      Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)      Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)      Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)      Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)      ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 11:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 11:

(1)      Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 11;

(2)      Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)      Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON

identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)     ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 12:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 12:

(1)     Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 12;

(2)     Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)     Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)     Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)     Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)     Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)     Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)     Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 13:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 13:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 13;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4)    Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5)    Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6)    Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7)    Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8)    Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9)    ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 14:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 14:

(1)    Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 14;

(2)    Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3)    Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

    (4)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

    (5)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

    (6)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

    (7)      Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

    (8)      Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

    (9)      ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 15:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 15:

    (1)      Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 15;

    (2)      Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

    (3)      Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

    (4)      Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

    (5)      Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

    (6)      Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

    (7)      Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1)

of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8) Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9) ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.

**REQUEST FOR PRODUCTION NO. 16:** DOCUMENTS sufficient to show the following information associated with ACCOUNT 16:

(1) Name(s) of each PERSON involved in the operation, ownership, or management of ACCOUNT 16;

(2) Date(s) of birth for each PERSON identified in subpart (1) of this Request who is a natural person;

(3) Physical, billing, shipping, or other address(es) for each PERSON identified in subpart (1) of this Request;

(4) Recovery, authentication, or other e-mail address(es) for each PERSON identified in subpart (1) of this Request;

(5) Home, cell, or other telephone number(s) for each PERSON identified in subpart (1) of this Request;

(6) Name and address of banking institution, and associated bank account and routing number, for each registered bank account associated with each PERSON identified in subpart (1) of this Request (but excluding the bank account PIN/password(s), online access log-in information, and financial transaction history);

(7) Name and address of credit institution, and associated credit card number, for each registered credit card associated with each PERSON identified in subpart (1) of this Request (but excluding the credit card expiration date(s), card validation code(s), and financial transaction history);

(8) Name and address of financial service institution, and associated payment account username/number, for each registered non-credit card payment method associated with each PERSON identified in subpart (1) of this Request (but excluding the payment account password(s) and financial transaction information); and

(9) ACCESS LOGS for the last ten (10) logins that were recorded immediately prior to the date that you respond to this request.